

ORDERED in the Southern District of Florida on July 31, 2014.

Erik P. Kimball, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

IN RE:

PALM BEACH COMMUNITY CHURCH, INC.,
      Debtor.
_____/

CASE NO. 13-35141-EPK
CHAPTER 11

**ORDER GRANTING DEBTOR'S MOTION (i) AUTHORIZING AND SCHEDULING THE SALE OF A 9.03 ACRE PARCEL OF UNDEVELOPED PROPERTY, FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES; (ii) APPROVING BIDDING PROCEDURES; (iii) APPROVING THE NOTICE OF SALE; (iv) SCHEDULING AN AUCTION SALE TO ACCEPT HIGHER AND BETTER BIDS; AND (v) SCHEDULING A FINAL HEARING TO APPROVE SALE ARISING OUT OF AN AUCTION PURSUANT TO 11 U.S.C. § 363 ON SEPTEMBER 17, 2014 AT 2:00 P.M.**

THIS MATTER came before the Court for hearing (the "Sale Procedures Hearing") in West Palm Beach, Florida, on July 24, 2014 at 1:30 p.m. upon the *Motion for an Order (i) Authorizing and Scheduling the Sale of a 9.03 Acre Parcel of Undeveloped Property, Free and Clear of All Liens, Claims and Encumbrances; (ii) Approving Bidding Procedures; (iii) Approving the Notice of Sale; (iv) Scheduling an Auction to Accept Higher and Better Bids; and (v) Scheduling Hearing to Approve Sale Arising Out of Auction Pursuant to 11 U.S.C. § 363*

[ECF No. 140] (the "**Sale Procedures Motion**"), submitted by Debtor in Possession PALM BEACH COMMUNITY CHURCH, INC. (the "**Debtor**" or "**Movant**"), and the Objection thereto filed by Secured Creditor, PNC Bank, N.A. [ECF No. 149] (the "**Objection**"). The Court, having reviewed the matter and the record in this case, having considered the Objection and the argument of counsel, finds that, with regard to the Property (as defined herein), the sale process and bidding procedures contained in the Sale Procedures Motion and this Order are in the best interests of the Estate. Accordingly, the Court finds as follows:

A. Good and sufficient notice of the Sale Procedures Motion and the relief sought therein has been given under the circumstances, and no other or further notice is required except as set forth herein with respect to the Sale Hearing (as defined herein).

B. Movant's proposed notice of the Sale Procedures Motion is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Bid Deadline (as defined herein), Auction (as defined herein), the sale of the Property (as defined herein), and the Bidding Procedures (as defined herein) to be employed in connection therewith;

C. Movant has articulated good and sufficient reasons for the Court to: (i) approve the Bidding Procedures; (ii) schedule the Sale Hearing; and (iii) approve the manner of notice of the Sale Hearing and the Sale Notice;

D. The entry of this Order is in the best interest of the Estate, its creditors, and other parties in interest; and

E. The Bidding Procedures are reasonably designed to maximize the value to be obtained for the Property.

Based on the foregoing findings and the record in this case, and for the reasons stated on the record at the Sale Procedures Hearing, the Court **ORDERS AND ADJUDGES** as follows:

1. The Sale Procedures Motion is **GRANTED** to the extent provided herein. The Debtor is authorized to sell the real property known as a parcel of land consisting of 9.03 acres of undeveloped land (the "**Property**"), subject to final approval by this Court at the Sale Hearing. The Property does not include the Borland Center, or the real property on which the Borland Center is located, or the adjacent area containing seventy-eight parking spaces. The legal description for the Property will be determined by a metes and bounds description prepared from a boundary survey by a licensed Florida surveyor.

2. Subject to the terms of this Order, the Auction and Bid Procedures as set forth in the Sale Procedures Motion and modified herein are APPROVED. In the event of a conflict, this Order shall govern.

3. The sale shall be free and clear of all liens, claims, and encumbrances pursuant to Sections 363(f), 1123(b)(4), 1141(c), and 1146(a) of the Bankruptcy Code with all liens, claims, and encumbrances to attach to the sale proceeds with the same validity, priority, and extent as the same attached to the Property prior to the closing.

4. Any party that is determined to be the Successful Bidder (as defined herein) shall close on the sale of the Property no later than September 22, 2014, unless otherwise ordered by the Court.

5. The Debtor has entered into an asset purchase agreement (the "**Purchase Contract**") to sell the Property for Seven Million Dollars and No/100 ($7,000,000.00) with Pierce 131, LLC, a Florida Limited Liability Company (the "**Purchaser**"). The Purchase Contract provides for an initial earnest money deposit of $50,000.00 and an additional deposit of $200,000.00 upon expiration of the Inspection Period.

6. Purchaser has provided a Qualified Bid (as defined below) in the amount of Seven Million Dollars and 00/100 ($7,000,000.00) (the "**Stalking Horse Bid**") and shall be the stalking horse bidder (the "**Stalking Horse Bidder**").

7. The deadline for completing due diligence, and the end of the Inspection Period, is 45 days from the date of the entry of this Order.

8. A person may be qualified to participate in the Auction if by the bid deadline of 5:00 P.M., E.S.T., Thursday, September 11, 2014 (the "**Bid Deadline**") the following are provided:

   a. A deposit of Two Hundred Fifty Thousand Dollars and 00/100 ($250,000.00) payable by bank cashier's check or wire transfer into the non-interest bearing escrow account of Furr and Cohen, P.A., along with the Social Security Number or EIN of the bidding person or entity;

   b. An executed asset purchase agreement in substantially the same form as the Purchase Contract, attached as Exhibit "A" to the *Motion for an Order (i) Authorizing and Scheduling the Sale of a 9.03 Acre Parcel of Undeveloped Property, Free and Clear of All Liens, Claims and Encumbrances; (ii) Approving Bidding Procedures; (iii) Approving the Notice of Sale; (iv) Scheduling an Auction to Accept Higher and Better Bids; and (v) Scheduling Hearing to Approve Sale Arising Out of Auction Pursuant to 11 U.S.C. § 363* [ECF No. 140] (the "**Sale Procedures Motion**") , which has no contingencies to the validity, effectiveness or binding nature of the offer, including, without limitation, contingencies for financing, due diligence or inspection, in an amount not less than $7,075,000.00; and

  c. Evidence, sufficient to Debtor, that the bidder either has sufficient cash to close the transaction at its bid price or, alternatively, a firm and unequivocal agreement from a recognized financial institution that it will unconditionally fund any portion of the purchase price that the buyer proposes to finance.

  (the "**Qualifying Bid Packet**").

9. The Qualifying Bid Packet must be delivered no later than 5:00 p.m. E.S.T. on September 11, 2014, to Aaron A. Wernick, Esq., of Furr and Cohen, P.A., 2255 Glades Road, Suite 337W, Boca Raton, FL 33431, Telephone (561)395-0500, email: awernick@furrcohen.com. The Qualifying Bid Packet must include the bidder's address, telephone and email address where the bidder may be contacted. Acceptable methods of delivery of the Qualifying Bid Packet include first class U.S. Mail, email, and hand delivery.

10. Upon satisfaction of all of the requirements set forth above, the Debtor shall evaluate each Qualifying Bid Packet submitted in accordance with the foregoing paragraph and may then identify a person, persons, entity or entities from among those who submitted a Qualifying Bid Packet and deem those person(s) or entity(ies) as "Qualified Bidders". PNC is deemed a Qualified Bidder. By participating in the Auction, each Qualified Bidder consents to its bid being designated as a back-up bid.

11. Between the Bid Deadline and the Auction and during the Auction, the Debtor may, in its discretion, discuss, negotiate or seek clarification of any Qualified Bid.

12. In the event that there are one or more Qualified Bidders on or before the Bid Deadline, the Debtor shall conduct an auction (the "**Auction**") at the Law Offices of Furr and Cohen, P.A., 2255 Glades Road, Suite 337W, Boca Raton, Florida 33431 on September 15, 2014 at 11 a.m.

13. The Auction shall be conducted by Robert C. Furr, Esq. and shall be a forum in which the Qualified Bidders may make competing bids to purchase the Property in minimum bid increments of $75,000.00 (the "**Initial Overbid**") if such bid is the bid immediately following the bid of the Purchaser. After an Initial Overbid is made, the bid increments will be $25,000.00 or as decided by the Debtor, until the Debtor receives what is determined to be the highest and best offer to purchase the Property (the "**Successful Bid**"). The Debtor may also identify an acceptable Backup Bidder. Qualified Bidders may appear at the Auction or submit competing bids telephonically.

14. Except as otherwise stated herein, each Deposit shall be maintained in a non-interest bearing account and subject to the jurisdiction of this Court. Within five business days from the entry of an Order approving the Sale, the Debtor shall return, by check, all Deposits to all Qualified Bidders, except the Successful Bidder or any person or entity who agrees to become a Backup Bidder. In the event that the Successful Bidder closes the Sale, the Debtor shall return the Backup Bidder's Deposit within five business days from the Closing. In the event the Successful Bidder closes on the purchase of the Property, its Deposit shall be applied by the Debtor against the Purchase Price.

15. The Court shall conduct a hearing to approve the Sale arising out of the Auction (the "**Sale Hearing**") on September 17, 2014 at 2:00 p.m. at the United States Bankruptcy Court, Courtroom B, 8th Floor, 1515 North Flagler Drive, West Palm Beach, FL, 33401. The Objection filed by secured creditor PNC Bank, N.A. and any other timely filed objection will be considered at the Sale Hearing.

16. All Qualified Bidders shall be deemed to have consented to the core jurisdiction of this Court and to have waived any right to a jury trial in connection with any disputes relating

to the Auction or the Sale. All purchase agreements shall be governed by and construed in accordance with the laws of the State of Florida. All Qualified Bidders shall be bound by their bids until conclusion of the Auction.

17. If the Successful Bidder is unable or unwilling to close the Sale, the Successful Bidder shall forfeit its Deposit to the Debtor and the Debtor shall close the Sale with the Back-Up Bidder, without further notice or hearing, who shall then be obligated to close the Sale on the terms of the Back-Up Bid and the corresponding Bidder's purchase agreement no later than five days thereafter. If the Back-Up Bidder, if any, is unable or unwilling to close the Sale in the time permitted, the Back-Up Bidder shall forfeit its Deposit to the Debtor.

18. The Debtor shall provide, by email and/or First Class U.S. Mail, written notice of the Auction, the bidding procedures and the Sale Hearing within one business day from the entry of this Order to: (a) the United States Trustee; (b) counsel to the Secured Lender; (c) the Internal Revenue Service; (d) all other parties who have filed a Notice of Appearance; and (e) all other creditors. The notice shall be substantially in the form attached hereto as Exhibit "A".

19. The Bankruptcy Court shall retain exclusive jurisdiction over any matter or dispute relating to the sale, the Bid Procedures, the Agreement, the Auction, or any other matter that in any way relates to the foregoing. Any party disputing the sale, the Bid Procedures, the Agreement, the Auction or any other matter that in any way relates to the foregoing shall file an objection with the Bankruptcy Court as soon as practicable to facilitate resolution of the objection.

### # # #

**SUBMITTED BY:**
Aaron A. Wernick, Esq.
FURR & COHEN, P.A.
*Attorneys for Debtor*
2255 Glades Road, Suite #337W

Boca Raton, FL 33431
Telephone: (561) 395-0500
e-mail: awernick@furrcohen.com
FL Bar No. 14059

**COPY FURNISHED TO:**
Aaron A. Wernick, Esq.
FURR & COHEN, P.A.
*Attorneys for Debtor*
2255 Glades Road, Suite #337W
Boca Raton, FL 33431

*Attorney Aaron A. Wernick is directed to serve a conformed copy of this order on all appropriate parties and shall file a certificate of service with the Court.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

IN RE:  CASE NO. 13-35141-EPK
        CHAPTER 11

PALM BEACH COMMUNITY
CHURCH,

      Debtor.
_____/

## NOTICE OF AUCTION SALE AND BIDDING PROCEDURES

TO ALL PARTIES IN INTEREST AND PROSPECTIVE BIDDERS:

    PLEASE TAKE NOTICE that:

1.    The United States Bankruptcy Court for the Southern District of Florida, West Palm Beach Division (the "**Bankruptcy Court**"), entered an Order pursuant to 11 U.S.C. § 363 and Rule 6004 of the Federal Rules of Bankruptcy Procedure: (a) authorizing and scheduling **the sale of a portion of the property located at the northeast quadrant of the intersection of PGA Boulevard and Shady Lakes Drive, consisting of approximately 9.03 acres of undeveloped land (the "Property")**, free and clear of liens, claims and encumbrances; (b) approving the Bidding Procedures[1]; (c) approving the Notice of Sale; (d) scheduling an Auction to accept higher and better bids; and (e) scheduling a hearing to approve the Sale arising out of the auction, pursuant to 11 U.S.C. §§ 363 and 105(a) and Federal Rules of Bankruptcy Procedure 2002, 6004(a) and 9014 and Local Rule 6004-1 (the "**Bid Procedures Order**")[2].

---

[1] All capitalized terms not expressly defined herein have the meaning ascribed to such term in the Bid Procedures Order.
[2] A copy of the Bid Procedures Order may be obtained: (a) in person, during regular business hours, from the Office of the Clerk of the Bankruptcy Court, 1515 North Flagler Drive, 8th Floor, West Palm Beach, FL, 33401; (b) downloaded from the Bankruptcy Court's electronic docket (CM/ECF); or (c) by written request to undersigned counsel.

2. Pursuant to the Bid Procedures Order[3], the Debtor has received authorization from the Bankruptcy Court to employ the procedures set forth herein for consideration of competitive bids for purchase of the Property including: (a) the establishment of deadlines and certain criteria for submitting Qualified Bids; (b) the approval of bidding procedures and overbid requirements; and (c) the scheduling of the Auction.

3. The Debtor shall provide by e-mail and/or U.S. Mail written notice of the Auction, the Bidding Procedures and the Sale Hearing within one business day from the entry of the Order approving the Bid Procedures Motion to: (a) those persons who contacted the Debtor or any of its representatives regarding the sale of the Property; (b) those persons who the Debtor has reason to believe may possess an interest in purchasing the Property; (c) the U.S. Trustee; (d) counsel to PNC Bank; (e) the Internal Revenue Services; (f) all other parties who have filed a notice of appearance; and (g) all other creditors.

## ELIGIBILITY TO MAKE BIDS

4. Any person or entity that wishes to participate in a competitive bidding process for the purchase of the Property (the "**Auction**") must satisfy the requirements set forth below to become a Qualified Bidder. Neither the Debtor nor the Court shall consider bids that are not proposed by a Qualified Bidder.

## BIDDING PROCESS

5. A person may be qualified to participate in the auction if, by the **bid deadline of 5:00 p.m. E.D.T. on September 11, 2014** (the "**Bid Deadline**"), the following are provided:

(a) A deposit of Two Hundred Fifty Thousand Dollars and 00/100 ($250,000.00) (the "**Deposit**") payable by bank cashier's check or wire transfer into the non-interest

---

[3] In the event of any discrepancy between the terms of this Notice and the terms of the Bid Procedures Order, the Bid Procedures Order shall govern and control.

bearing escrow account of Furr and Cohen, P.A., along with the Social Security Number or EIN of the bidding person or entity;

(b) An executed Purchase Contract which has no contingencies to the validity, effectiveness or binding nature of the offer, including, without limitation, contingencies for financing, due diligence or inspection, substantially similar to the proposed agreement attached as Exhibit "A" *to the Motion for an Order (i) Authorizing and Scheduling the Sale of a 9.03 Acre Parcel of Undeveloped Property, Free and Clear of All Liens, Claims and Encumbrances; (ii) Approving Bidding Procedures; (iii) Approving the Notice of Sale; (iv) Scheduling an Auction to Accept Higher and Better Bids; and (v) Scheduling Hearing to Approve Sale Arising Out of Auction Pursuant to 11 U.S.C. § 363* [ECF No. 140] (the "**Sale Procedures Motion**") , in an amount not less than $7,075,000.00; and

(c) Evidence, sufficient to Debtor, that the bidder either has sufficient cash to close the transaction at its bid price or, alternatively, a firm and unequivocal agreement from a recognized financial institution that it will unconditionally fund any portion of the purchase price that the buyer proposes to finance.

(the "**Qualifying Bid Packet**"). The Qualifying Bid Packet must be delivered **no later than 5:00 p.m. E.D.T. on the September 11, 2014** to Aaron A. Wernick, Esq., of Furr and Cohen, P.A., 2255 Glades Road, Suite 337W, Boca Raton, FL 33431, Telephone (561)395-0500, e-mail: awernick@furrcohen.com. The bidder's Qualifying Bid Packet must include the bidder's address, telephone and email address where the bidder may be contacted. Acceptable methods of delivery of the Qualifying Bid Packet are first class U.S. Mail, overnight mail, email, and hand delivery.

6. Upon satisfaction of all of the requirements set forth above, the Debtor shall evaluate each Qualifying Bid Packet submitted in accordance with the foregoing paragraph and may then identify a person, persons, entity or entities from among those who submitted a Qualifying Bid Packet and deem those person(s) "Qualified Bidders". PNC Bank, N.A. is

deemed a Qualified Bidder. By participating in the Auction, each Qualified Bidder consents to its bid being designated as a back-up bid.

7. Upon expiration of the 45-day due diligence period (the "**Inspection Period**"), the Stalking Horse Bidder is required to deposit the additional deposit in the amount of $200,000.00 ("**Additional Deposit**") with the escrow agent, Furr & Cohen, P.A. (the "**Escrow Agent**"). If, after the Inspection Period has expired, the Stalking Horse Bidder has not deposited the Additional Deposit as required by the Contract, and another group or party comes forward and deposits a Two Hundred Fifty Thousand Dollar and No/00 ($250,000.00) **non-refundable** deposit with the Escrow Agent, then that party shall become the Stalking Horse.

8. The Stalking Horse Bidder must share the results from its Due Diligence with the other Bidders.

9. Between the Bid Deadline and the Auction and during the Auction, the Debtor may, in its discretion, discuss, negotiate or seek clarification of any Qualified Bid.

10. The Debtor shall file and serve upon all interested parties entitled to receive notice, including the holders of qualified bids (the "**Qualified Bids**"), fully executed copies of the Qualified Bids to be considered at the Auction no later than **5:00 p.m. EDT one day prior to the Auction Sale** (the "**Qualified Bid Summary**"). This requirement is waived in the event there are no Qualified Bids. The Debtor shall notify all Qualified Bidders, no later than 5:00 p.m. E.D.T. on September 12, 2014, that they may participate in the Auction.

## THE AUCTION SALE DATE

11. In the event there are one or more Qualified Bidders on or before the Bid Deadline, then the Debtor's Counsel, Robert C. Furr, Esq., shall conduct the Auction on **September 15, 2014 at 11 a.m.** at the law offices of Furr and Cohen, P.A., 2255 Glades Road,

Suite 337W, Boca Raton, Florida, 33431. The highest bid shall be accepted subject to Court approval, which will be sought from this Court on September 17, 2014 at 2 p.m., at which time the Court will approve the bid and hear any objections to the sale process.

12. The Auction shall be conducted by Robert C. Furr, Esq. and shall be a forum in which the Qualified Bidders may make competing bids to purchase the Property, in the minimum bid increments of $75,000.00 if such bid is the bid immediately following the bid of the Purchaser, or $25,000.00 thereafter or increments as otherwise decided by the Debtor. The Auction shall conclude when the Debtor receives what it determines is the highest and best offer to purchase the Property (the "**Successful Bid**") from the Qualified Bidder (the "**Successful Bidder**"). The Debtor may also identify an acceptable Back-up Bid. Qualified Bidders may appear at the Auction or may submit competing bids telephonically.

12. **Sale Free and Clear of Liens, Claims and Conditions**: The Property will be sold free and clear of all liens, claims and encumbrances, with liens to attach to the proceeds of sale.

13. **Objections**: Objections, if any, to the Sale, must (a) be in writing; (b) set forth the nature of the objector's claims against or interest in the Debtor's estate, and the basis for the objection and the specific grounds therefore; (c) comply with the Bankruptcy Rules and Local Bankruptcy Rules for the Southern District of Florida and all Orders of this Court; (d) be electronically filed with the Court in this case no later than 5:00 p.m. one day prior to the Hearing to approve the sale (the "**Sale Hearing**"). Only timely filed and served responses, objections, or other pleadings will be considered by this Court at the Sale Hearing. The failure of any person or entity to timely file its objection shall be a bar to the assertion, at the Sale Hearing

or thereafter, or any objections to the Motion, the Sale or consummation and performance of the Agreement.

14. The Court shall conduct a hearing to approve the Sale arising out of the Auction on **September 17th, 2014, at 2 p.m.** at the United States Bankruptcy Court, 1515 North Flagler Drive, Room 801, Courtroom B, West Palm Beach, FL 33401. Once approved, the closing shall occur on or before September 22, 2014.

15. Except as otherwise stated herein, each Deposit shall be maintained in a **non-interest** bearing account and is subject to the jurisdiction of the Court. Within five business days from the entry of an Order approving the Sale, the Debtor shall return, by check, all Deposits to all Qualified Bidders except the Successful Bidder or the person who submitted the Back-Up Bid (the "**Back Up Bidder**"). In the event the Successful Bidder closes the Sale, the Debtor shall return the Back Up Bidder's Deposit, by check, within five business days from the closing. In the event the Successful Bidder closed on the purchase of the Property, its Deposit shall be applied by the Debtor against the purchase price.

16. All Qualified Bidders shall be deemed to have consented to the core jurisdiction of this Court and to have waived any right to a jury trial in connection with any disputes relating to the Auction or the Sale. All purchase agreements shall be governed by and construed in accordance with the laws of the State of Florida. All Qualified Bidders shall be bound by their bids until conclusion of the Auction. If the Successful Bidder is unable or unwilling to close the Sale, the Successful Bidder shall forfeit its Deposit (or such portion as is designated in the Successful Bidder's purchase agreement) to the Debtor and the Debtor shall close the Sale with the Back-Up Bidder, without further notice or hearing, who shall then be obligated to close the Sale on the terms of the Back-Up Bid and the corresponding Bidder's purchase agreement no

later than five days thereafter. If the Back-Up Bidder, if any, is unable or unwilling to close the Sale in the time permitted, the Back-Up Bidder shall forfeit its Deposit (or such portion as is designated in the Successful Bidder's purchase agreement) to the Debtor.

**PLEASE TAKE FURTHER NOTICE THAT** any inquiries regarding the foregoing should be directed to the Debtor's counsel listed below.

Dated: <u>July 27, 2014</u>

>Furr and Cohen, P.A.
>*Attorneys for Debtor*
>2255 Glades Road, Suite 337W
>Boca Raton, Florida 33486
>(561)395-0500
>E-mail: awernickfurrcohen.com
><u>/s/ *Aaron A. Wernick*</u>
>Aaron A. Wernick, Esq.
>Florida Bar No. 14059

# EXHIBIT "A"