

**ORDERED in the Southern District of Florida on December 12, 2014.**

Erik P. Kimball, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

**In re:**

**PALM BEACH COMMUNITY CHURCH, INC.**

       **Debtor.**

_____/

Case No. 13-35141-EPK
Chapter 11

### ORDER APPROVING SALE OF PROPERTY
### PURSUANT TO CONFIRMED PLAN OF REORGANIZATION

This matter came before the Court for hearing on December 10, 2014 at 11:00 a.m. in West Palm Beach, Florida, pursuant to the *Agreed Order Granting Debtor's Second Motion (i) Authorizing and Scheduling the Sale Of A 9.03 Acre Parcel of Undeveloped Property, Free and Clear of All Liens, Claims and Encumbrances; (ii) Approving Bidding Procedures; (iii) Approving the Notice of Sale; (iv) Scheduling an Auction Sale to Accept Higher and Better Bids; and (v) Scheduling Hearing to Approve Sale Arising Out of Auction Pursuant to 11 U.S.C. §363* [ECF 233] (the "**Sale Order**").

The Court conducted a hearing to approve the sale (the "**Sale**") of the Property (as defined below), at which time all parties were provided an opportunity to be heard with respect to the proposed Sale and auction of the Property, and to approve PNC Bank, National Association ("**PNC**") as the Successful Bidder (as defined below), and no parties having objected to the proposed Sale, finding good cause for the requested relief, the Court finds as follows:

A. The Court has jurisdiction to grant the relief provided for herein pursuant to 28 U.S.C. §§ 157 and 1334, and this matter constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A)(M) and (O). Venue is proper under 28 U.S.C. §§ 1408 and 1409(a).

B. The Sale Order provided full, fair and reasonable opportunity for any entity to make an offer to purchase the Property.

C. The Sale Order provided notice of the Sale of the Property as specifically described in the *Notice of Auction Sale and Bidding Procedu*re [ECF 233].

D. PNC's credit bid of $6,310,400.00 is the only bid and there were no upset bids or other Qualified Bidders.

E. The Court finds that the credit bid of **PNC** in the amount of $6,310,400.00 is the highest and best bid for the purchase of the property more particularly described as :

> The undeveloped property consisting of approximately 9.03 Acres, located at the northeast quadrant of the intersection of PGA Boulevard and Shady Lakes, Drive, in Palm Beach Gardens, Palm Beach County, Florida, and more particularly described in **Exhibit "A"** attached hereto.

(the "Property").

F. The selection of PNC as the highest and best bid and as the "Successful Bidder" was the product of a fair and duly noticed sale conducted pursuant to an Order of this Court.

G. PNC announced on the record at the hearing that if the sale of the Property pursuant to its bid is approved that, unless PNC subsequently informs the Debtor otherwise, PNC elects to close and take title in its affiliate and Nominee, Land Holding LLC, a Delaware Limited Liability Company.

Based on the foregoing, it is hereby

ORDERED as follows:

1. The findings of fact set forth above and conclusions of law stated herein shall constitute the Court's findings of fact and conclusions of law pursuant to Fed.R.Bankr. P. 7052, made applicable to this proceeding pursuant to Fed.R.Bankr. P. 9014. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

2. PNC was the Successful Bidder pursuant to the Sale Order. The Debtor is authorized to sell the Property described above to PNC, or to PNC's affiliate and Nominee, Land Holdings, LLC (the "**Buyer**") for PNC's credit bid $6,310,400.00 (but with $6,800,000.00 being the amount credited the Debtor on PNC's Allowed Claim as provided in the Debtor's confirmed *Third Amended Plan of Reorganization* referenced below) free and clear of liens, claims and encumbrances pursuant to sections 363 (b) and (f) of the Bankruptcy Code.

3. The Debtor and Buyer shall proceed to closing no later than January 31, 2015, subject to the terms and conditions of the Settlement Agreement incorporated into the Debtor's confirmed *Third Amended Plan of Reorganization* [ECF 208], which Settlement Agreement is attached to, and was approved by, the Court's *Order Confirming Debtor's Third Amended Plan of Reorganization* [ECF 236], unless otherwise ordered by this Court or extended by agreement of the parties.

4. The Debtor is authorized to execute any and all documents necessary to consummate the Sale of the Property to the Buyer. The Debtor is further authorized to take the actions necessary to complete the Sale, including the payment of appropriate closing costs and expenses and the undisputed portions of all outstanding liens and encumbrances on the Property, including real and personal property tax liens of the Palm Beach County Tax Collector.

5. With respect to any and all entities asserting an encumbrance on the Property, either (i) such entity has consented to the sale and transfer free and clear of its encumbrance, with such encumbrance to attach to the proceeds of such sale and transfer, (ii) there exists a bona fide dispute with respect to such encumbrance, so that the conditions of section 363(f) of the Bankruptcy Code have been met, or (iii) such entity can be compelled to accept monetary satisfaction of its encumbrance.

6. Upon the closing, the Sale of the Property to Buyer shall be a legal, valid and effective transfer of the Property to the Buyer, and shall vest in Buyer all right, title and interest in the Property in accordance with the terms and conditions of the Settlement Agreement incorporated into the Debtor's confirmed *Third Amended Plan of Reorganization*, free and clear of all liens, claims and encumbrances under section 363(f) of the Bankruptcy Code, with all such liens, claims and encumbrances being the responsibility of the Debtor to pay or otherwise satisfy in as much as there are no cash proceeds of the Sale.

7. The Sale described herein is an arm's length transaction. The Buyer is a good faith purchaser and has no affiliation or other relationship with the Debtor other than a prior adversarial relationship as evidenced by prior proceedings in this Court and in prior litigation in State Court. The Buyer is therefore entitled to the provisions and protections of § 363(m) of the Bankruptcy Code.

8. No aspect of the Sale (or related transactions) was controlled by an agreement among potential bidders for purposes of the Sale's compliance with 11 U.S.C. § 363(n).

9. The stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

10. Pursuant to 11 U.S.C. § 1146(a), the Sale is in furtherance of, and in accordance with, the Debtor's Confirmed *Third Amended Plan of Reorganiz*ation. Accordingly, neither the Debtor nor the Buyer shall be responsible for the payment of any stamp tax, transfer tax or similar tax imposed including, but not limited to, documentary stamps and/or other incidental recording fees in connection with the sale of the Property.

11. All other findings and conclusions contained in the Sale Order remain in full force and effect.

###

Submitted by:

Aaron A. Wernick, Esq.
Furr and Cohen, P.A.
*Attorneys for the Debtor*
One Boca Place, Suite 337W
2255 Glades Road
Boca Raton, FL 33431
(561)395-0500/(561)338-7532 fax
e-mail: awernick@furrcohen.com

*Upon receipt of a signed copy of this Order, Aaron A. Wernick shall furnish a conformed copy to all interested parties and file a certificate of service with the Court.*

# METES AND BOUNDS SUBDIVISION

ALL OF TRACT 1, BORLAND CENTER REPLAT, AS RECORDED IN PLAT BOOK 109, PAGES 35 THROUGH 42, PUBLIC RECORD OF PALM BEACH COUNTY, FLORIDA, LYING IN SECTION 1, TOWNSHIP 42 SOUTH, RANGE 42 EAST, CITY OF PALM BEACH GARDENS, PALM BEACH COUNTY, FLORIDA.

TRACT 1B

A PARCEL OF LAND BEING A PORTION OF TRACT 1, BORLAND CENTER REPLAT, AS RECORDED IN PLAT BOOK 109, PAGES 35 THROUGH 42, PUBLIC RECORDS OF PALM BEACH COUNTY, FLORIDA, BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHEAST CORNER OF SAID TRACT 1, THENCE ALONG THE SOUTHERLY LINE OF SAID TRACT 1, NORTH 88°37'35" WEST, A DISTANCE OF 477.46 FEET TO THE SOUTHWEST CORNER OF SAID TRACT 1; THENCE ALONG THE WESTERLY LINE OF SAID TRACT 1 FOR THE FOLLOWING NINE COURSES, NORTH 01°55'49" EAST, A DISTANCE OF 185.00 FEET; THENCE NORTH 88°37'35" WEST, A DISTANCE OF 230.01 FEET TO THE WESTERLY LINE OF SAID TRACT 1; THENCE NORTH 01°55'49" EAST, A DISTANCE OF 52.01 FEET; THENCE SOUTH 88°37'35" EAST, A DISTANCE OF 80.00 FEET; THENCE NORTH 01°55'49" EAST, A DISTANCE OF 448.50 FEET; THENCE NORTH 88°37'35" WEST, A DISTANCE OF 80.00 FEET; THENCE NORTH 01°55'49" EAST, A DISTANCE OF 34.00 FEET; THENCE SOUTH 88°37'35" EAST, A DISTANCE OF 80.00 FEET; THENCE NORTH 01°55'49" EAST, A DISTANCE OF 25.66 FEET TO THE NORTHWEST CORNER OF SAID TRACT 1 AND TO A NON-TANGENT CURVE CONCAVE NORTHERLY, HAVING A RADIUS OF 95.27 FEET AND A CHORD BEARING OF SOUTH 80°39'30" EAST, THENCE ALONG THE NORTHERLY LINE OF SAID TRACT 1 FOR THE FOLLOWING SIX COURSES: EASTERLY ALONG THE ARC OF SAID CURVE, THROUGH A CENTRAL ANGLE OF 15°56'10", A DISTANCE OF 26.50 FEET TO A POINT OF TANGENCY; THENCE SOUTH 88°37'35" EAST, A DISTANCE OF 158.42 FEET TO A POINT OF CURVATURE OF A CURVE CONCAVE NORTHWESTERLY, HAVING A RADIUS OF 65.00 FEET; THENCE NORTHEASTERLY ALONG THE ARC OF SAID CURVE, THROUGH A CENTRAL ANGLE OF 53°52'03", A DISTANCE OF 61.11 FEET TO A POINT OF REVERSE CURVATURE OF A CURVE CONCAVE SOUTHERLY, HAVING A RADIUS OF 65.00 FEET; THENCE EASTERLY ALONG THE ARC OF SAID CURVE, THROUGH A CENTRAL ANGLE OF 107°44'28", A DISTANCE OF 122.23 FEET TO A POINT OF REVERSE CURVATURE OF A CURVE CONCAVE NORTHEASTERLY, HAVING A RADIUS OF 65.00 FEET; THENCE SOUTHEASTERLY ALONG THE ARC OF SAID CURVE, THROUGH A CENTRAL ANGLE OF 53°52'25", A DISTANCE OF 61.11 FEET TO A POINT OF TANGENCY; THENCE SOUTH 88°37'35" EAST, A DISTANCE OF 46.01 FEET TO A POINT ON THE NORTHERLY PROLONGATION OF THE WESTERLY LINE OF A 12.00 FOOT UTILITY EASEMENT AS SHOWN ON SAID BORLAND CENTER REPLAT; THENCE ALONG SAID NORTHERLY PROLONGATION, THE WESTERLY LINE OF SAID 12.00 FOOT UTILITY EASEMENT AND ITS SOUTHERLY PROLONGATION, SOUTH 01°20'14" WEST, A DISTANCE OF 258.49 FEET; THENCE SOUTH 88°05'58" EAST, A DISTANCE OF 138.49 FEET TO A POINT ON THE SAID WESTERLY LINE OF A 12.00 FOOT UTILITY EASEMENT; THENCE ALONG SAID WESTERLY LINE, SOUTH 01°22'25" WEST, A DISTANCE OF 251.71 FEET; THENCE DEPARTING SAID WESTERLY LINE, SOUTH 88°37'35" EAST, A DISTANCE OF 41.00 FEET TO THE EASTERLY LINE OF SAID TRACT 1; THENCE ALONG SAID EASTERLY OF TRACT 1, SOUTH 01°22'25" WEST, A DISTANCE OF 230.00 FEET TO THE POINT OF BEGINNING.

CONTAINING 8.964 ACRES OR 390,474 SQUARE FEET MORE OR LESS.

**BOUNDARY SURVEY TRACT 1B**

**LIDBERG LAND SURVEYING, INC.**
LB4431
675 West Indiantown Road, Suite 200,
Jupiter, Florida 33458 TEL. 561-746-8454

| CAD. | K:\UST\014242\109-35\05-046D-305\05-046D-305.DGN | | |
|---|---|---|---|
| REF. | | | |
| FLD. K.F. | FB. PG. | JOB | 05-046D-305 |
| OFF. R.J.W. | 669 70 | DATE | 11/20/2014 |
| CKD. D.C.L. | SHEET 12 OF 14 | DWG. | A05-046H |



Exhibit "A"

K:\UST\014242\109-35\05-046D-305\05-046D-305.DGN 12/1/2014 9:52:42 AM



